BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
Richard L. Stuhlbarg (SBN: 180631)
Stephen K. Cho (SBN: 297347)
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No:   310/ 768-3068
Fax No:  310/ 719-1019
E-mail: Brian.Takahashi@bowmanandbrooke.com
E-mail: Richard.Stuhlbarg@bowmanandbrooke.com
E-mail: Stephen.Cho@bowmanandbrooke.com

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JERRY ZOMORODIAN,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>BMW OF NORTH AMERICA, LLC; IRVINE BMW and DOES 1 through 10, inclusive,<br><br>　　　　　Defendants. | CASE NO.:  2:17-cv-5061<br>(Removed from Los Angeles Superior Court Case No. BC657558)<br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION); DECLARATION OF STEPHEN K. CHO**<br><br>Action Filed:    April 11, 2017<br>Trial:               None |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:

Defendant BMW of North America, LLC ("BMW NA") hereby removes this case to the United States District Court for the Central District of California pursuant to 28 U.S.C. section 1441(b), based upon diversity jurisdiction as defined by 28 U.S.C. section 1332.

The basis for removal is as follows:

1.　On April 11, 2017, Plaintiff Jerry Zomorodian commenced this action in the Los Angeles County Superior Court entitled as follows: *Jerry Zomorodian*

*v. BMW of North America, LLC*, Case No. BC657558, alleging causes of action relating to the lease of a used 2016 BMW 750Li VIN WBA7F2C55GG415037 ("Subject Vehicle"). The Complaint alleges violations of the Song-Beverly Consumer Warranty Act.

2. BMW NA was served with a copy of Plaintiff's Summons and Complaint on April 19, 2017, through its designated agent for service of process. (See Declaration of Stephen K. Cho ("Cho Decl."), ¶ 2, Exh. A.) At the time the Complaint was filed, BMW NA and Irvine Eurocars, Inc. dba Irvine BMW ("Irvine BMW") were the only named defendants. (*Id*.) On May 8, 2017, Irvine BMW answered Plaintiff's Complaint. (Id. ¶ 3, Exh. B.) On May 19, 2017, BMW NA filed its answer to the complaint. (Id. ¶ 3, Exh. B.) Subsequently, on May 31, 2017, Irvine BMW moved to compel arbitration and stay the action. (Id. ¶ 4, Exh. C.) On June 30, 2017, Plaintiff voluntarily dismissed Irvine BMW, and BMW NA became the only named defendant. (Id. ¶ 5, Exh. D.)

3. BMW NA received a copy of Plaintiff's Request for Dismissal of Irvine BMW on July 6, 2017. (Id.) It was on that date that BMW NA received, through service or otherwise, a copy of the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable. Accordingly, this Notice of Removal is timely filed. No further proceedings have been had in the state court action.

4. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. section 1332, and it is one which may be removed to this Court by defendant BMW NA pursuant to 28 U.S.C. section 1441(b) because it involves citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. The Superior Court of the State of California for the County of Los Angeles is located in the Central District of California, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. section 84 because this is the

"district and division within which such action is pending . . . ." (*See* 28 U.S.C. §1446(a).)

6. No previous application has been made for the relief requested herein.

7. Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff, and a copy is being filed with the clerk of the Superior Court of the State of California for the County of Los Angeles.

## REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§1332 AND 1441

### A. Diversity of Citizenship Exists

8. The basic requirement in diversity cases is that all plaintiff be of different citizenship than all defendants. Any instance of common citizenship prevents federal diversity jurisdiction. For diversity purposes, a natural person is a "citizen" of the state which he or she is domiciled. (*Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).) A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. (*Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).) A party's residence is prima facie evidence of domicile, and only if that party disputes domicile is the removing party required to provide proof of domiciliary intent. *See, e.g,, State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994). A corporation, on the other hand, is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. (28 U.S.C. §1332(c)(1).)

9. A case is removable on diversity grounds if diversity of citizenship can be ascertained from the face of plaintiff's Complaint or this fact is disclosed in pleadings, motions or papers "from which it may first be ascertained that the case is one which is or has become removable…" (28 U.S.C. §1446(b)(3).)

10. It is well-established that a suit not initially removable will remain in state court unless a "voluntary" act of the plaintiff brings about a change that renders the case removable. (*Self v. General Motors*, 588 F.2d 655 (9th Cir. 1978) (citing *Powers v. Chesapeake & O. Ry.*, 169 U.S. 92 (1898).) If diversity of citizenship is lacking at the time the state action was filed, but the plaintiff voluntarily dismisses the non-diverse defendant within one year of filing, a remaining diverse defendant is entitled to remove. (*Chohlis v. Cessna Aircraft Co.*, 760 F.2d 901, 902 (8th Cir. 1985).)

11. Plaintiff Jerry Zomorodian, at the time this action was commenced, was and still is a citizen of the State of California. Specifically, Plaintiff was and is still domiciled in Anaheim, California, which is reflected not just by his allegations that he is a resident of Orange County, but also on repair orders with his Anaheim address before he filed his Complaint. (*See* Cho Decl., ¶¶ 2 and 6, Exhs. A and E.)

12. Defendant BMW NA, at the time this action was commenced, was and still is a single-member limited liability company, and its member is BMW US Holding Corporation. Both BMW NA and BMW US Holding Corporation are organized under the laws of the State of Delaware, have their principal places of business in the State of New Jersey, and were not and are not organized under the laws of the State of California, wherein this action was brought. (Cho Decl. ¶ 7.)

13. Irvine BMW is a business entity organized under the laws of the State of California, and doing business in Orange County. Plaintiff voluntarily dismissed Irvine BMW from this action on June 30, 2017.

14. As of July 6, 2017, complete diversity existed as to the remaining parties, and continues to exist as of the date of this filing. "Doe" defendants may be ignored for removal purposes. (*See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).)

///

**B.     The Amount in Controversy Requirement Is Satisfied**

15.     The amount-in-controversy exceeds $75,000.00, exclusive of interest and costs, for the following reasons:

(i)     The action arises out of Plaintiff's alleged lease, on or about June 25, 2016, of the Subject Vehicle, for total consideration of approximately $60,343.52. (Cho Decl., ¶ 8, Exh. F.)

(ii)    Plaintiff alleges that he is entitled to restitution. (Id., ¶ 2, Exh. A Prayer.)

(iii)   Plaintiff alleges that they are entitled to incidental and consequential damages. (Id.)

(iv)    Plaintiff alleges that he is entitled to recover costs, including attorney's fees. (Id.)

(v)     Plaintiff also allege that he is entitled to recover a civil penalty of two times actual damages under the Song-Beverly Act, Cal. Civ. Code section 1790, *et seq.* (i.e., approximately $120,687.04). (Id.)

(vi)    Plaintiff also prays for prejudgment interest. (Id.)

16.     Plaintiff's Complaint, at a minimum, seeks in excess of $75,000 in monetary damages and civil penalties, not including other compensatory damages or attorneys' fees. (*See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (amount in controversy requirement may be established by showing that such damages are "facially apparent" from the plaintiff's Complaint, or by setting forth facts in the notice of removal that support a finding of the requisite amount); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp.2d 1004, 1009 (U.S.D.C. N.D. Cal., 2002) (civil penalties under California Song-Beverly Consumer Warranty Act are included in determining whether amount in controversy for diversity jurisdiction was satisfied as civil penalties under the Act, allowing up to two times the amount of actual damages as well as compensatory damages, are akin to punitive damages).)

17. Based upon the foregoing, all requirements for diversity jurisdiction and removal jurisdiction have been met. Defendant BMW NA therefore requests that this action now pending against it in the Superior Court of California, County of Los Angeles, be removed to this Court, and that this Court assume complete jurisdiction in this matter.

18. This removal notice is timely filed as it is filed within 30 days after BMW NA's receipt of "the pleading, Motion, Order or other paper from which it could first be ascertained that the case is one which is removable." Therefore, removal of this case is proper.

19. BMW NA will promptly notify Plaintiff and the Superior Court of this removal as required by 28 U.S.C. section 1446(d).

DATED: July 10, 2017                             BOWMAN AND BROOKE LLP

                                                 BY:  /s/Stephen K. Cho
                                                      Brian Takahashi
                                                      Richard L. Stuhlbarg
                                                      Stephen K. Cho
                                                      Attorneys for Defendant
                                                      BMW OF NORTH AMERICA, LLC

**DECLARATION OF STEPHEN K. CHO**

I, Stephen K. Cho, declare as follows:

1. I am an attorney admitted to practice before all courts of the State of California and the Central District Court. I am senior counsel at Bowman and Brooke LLP, attorneys of record for BMW of North America, LLC ("BMW NA"). I have personal knowledge of all the facts set forth herein, and if called upon to do so by the court, could and would testify competently thereto.

2. A true and correct copy of Plaintiff's Summons, Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, and the Notice of Service of Process received by BMW NA is attached hereto as Exhibit A.

3. On May 8, 2017 and May 19, 2017, Irvine BMW and BMW NA answered Plaintiff's Complaint. Attached collectively hereto as Exhibit B are BMW NA's and Irvine BMW's Answers to Plaintiff's Complaint.

4. On May 31, 2017, Irvine BMW moved to compel arbitration and stay the action. Attached hereto as Exhibit C is Irvine BMW's Motion to Compel Arbitration and Stay Action.

5. On June 30, 2017, Plaintiff voluntarily dismissed Irvine BMW, and BMW NA became the only named defendant. BMW NA received a copy of Plaintiff' Request for Dismissal on July 6, 2017. Attached hereto as Exhibit D is a true and correct copy of the Request for Dismissal.

6. Attached collectively hereto as Exhibit E is a true and correct copy of repair orders from Irvine BMW, dated November 29, 2016 and October 18, 2016.

7. Defendant BMW NA, at the time this action was commenced, was and still is a single-member limited liability company, and its member is BMW US Holding Corporation. Both BMW NA and BMW US Holding Corporation are organized under the laws of the State of Delaware, have their principal places of business in the State of New Jersey, and were not and are not organized under the laws of the State of California, wherein this action was brought.

1    8.   A true and correct copy of Plaintiff's lease agreement for the Subject
2 Vehicle is attached hereto as <u>Exhibit F</u>.
3       I declare under penalty of perjury under the laws of the United States of
4 America that the foregoing is true and correct.
5       Executed this 10th day of July, 2017, at Torrance, California.

/s/Stephen K. Cho
Stephen K. Cho

# PROOF OF SERVICE
F.R.C.P Rule 5(b)(2)

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 970 West 190th Street, Suite 700, Torrance, California 90502.

On **July 10, 2017,** I served the foregoing document described as **NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA UNDER 28 USC § 1441 (DIVERSITY JURISDICTION); DECLARATION OF STEPHEN K. CHO** on all interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

| | |
|---|---|
| Benjeman Beck, Esq.<br>Jared V. Walder, Esq.<br>STRATEGIC LEGAL PRACTICES, APC<br>1840 Century Park East, Suite 430<br>Los Angeles, California 90067 | **ATTORNEYS FOR PLAINTIFF**<br>Tel:  310/ 929-4900<br>Fax:  310/ 943-3838<br>Email:<br>  mdevlin@slpattorney.com<br>  acronk@slpattorney.com |

☒ **BY MAIL (F.R.C.P. Rule 5(b)(2)):** As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Torrance, California in the ordinary course of business.

Executed on **July 10, 2017**, at Torrance, California.

☒  (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction this service was made.

_Veronica N. Calinao_
Veronica N. Calinao