BOWMAN AND BROOKE LLP
Brian Takahashi (SBN: 146505)
E-mail: Brian.Takahashi@bowmanandbrooke.com
Richard L. Stuhlbarg (SBN: 180631)
E-mail: Richard.Stuhlbarg@bowmanandbrooke.com
Stephen J. Kelley (SBN: 163812)
E-mail: Stephen.Kelley@bowmanandbrooke.com
970 West 190th Street, Suite 700
Torrance, California 90502
Tel No:   310/ 768-3068
Fax No:  310/ 719-1019

Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JERRY ZOMORODIAN,<br><br>                     Plaintiff,<br><br>     vs.<br><br>BMW OF NORTH AMERICA, LLC; IRVINE BMW and DOES 1 through 10, inclusive,<br><br>                     Defendants. | CASE NO.:  2:17-cv-5061 DMG (PLAx)<br><br>*Assigned to Hon. Dolly M. Gee*<br><br>Magistrate Judge for discovery-related motions: *Hon. Paul L. Abrams*<br><br>**BMW OF NORTH AMERICA, LLC'S NOTION OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(a)**<br><br>Action Filed:     April 11, 2017<br>Trial:                   December 11, 2018 |

TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT Defendant BMW of North America, LLC ("BMW NA") hereby submits the attached Motion for Judgment as a Matter of Law pursuant to Rule 50(a) of the Federal Rules of Civil Procedure.  Judgment as a matter of law for BMW NA is appropriate on the following claims:

- <u>Plaintiff's Second Claim</u> – No single repair visit exceeded 30 days, and plaintiff has no evidence of diminution of the Subject Vehicle's value.

/ / /

- <u>Plaintiff's Fifth Claim</u> – Civil Code section 1791.1 is not applicable. BMW NA did not extend an implied warranty with the lease of the "used" Subject Vehicle. The Subject Vehicle was not unfit for its ordinary purpose of providing transportation.
- <u>Plaintiff's Claim for Civil Penalty</u> – BMW NA's decision to deny repurchase was the result of a good faith and reasonable belief the facts imposing the statutory obligation was not present.

Pursuant to a Rule 50(a), a motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment. Fed. R. Civ. P. 50(a).[1]

DATED: December 14, 2018         BOWMAN AND BROOKE LLP

BY: <u>/s/Richard L. Stuhlbarg</u>
Brian Takahashi
Richard L. Stuhlbarg
Stephen J. Kelley
Attorneys for Defendant
BMW OF NORTH AMERICA, LLC

---

[1] Plaintiff dismissed his third and fourth causes of action without prejudice.

**TABLE OF CONTENTS**

I. INTRODUCTION ................................................................................................ 6

II. STATEMENT OF RELEVANT FACTS AT TRIAL ....................................... 6

III. FRCP50(a) STANDARD .................................................................................. 7

IV. BMW NA IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S SECOND, AND FIFTH CLAIMS AS WELL AS CLAIM FOR CIVIL PENALTY. ................................................................................................. 8

    A. BMW NA Is Entitled To Judgment As a Matter of Law As To Plaintiff's Second Claim for Violation of Civil Code section 1793.2(b). ...... 8

    B. BMW NA Is Entitled to Judgment As a Matter of Law As To Plaintiff's Fifth Claim for Breach of Implied Warranty of Merchantability. 9

        1. Since the subject vehicle was leased used by plaintiff, Civil Code section 1791.1 is not applicable. ........................................................... 9

        2. Under Civil Code section 1795.5, only Irvine BMW extended an implied warranty with the "used" vehicle leased to plaintiff. ............... 9

        3. Even if BMW NA did extend an implied warranty to plaintiff, the duration was only three months, no concern rendered the vehicle unfit for providing transportation, and plaintiff never presented the vehicle to an authorized repair facility regarding the instrument cluster concern within the implied warranty period. ........................................ 10

    C. BMW NA is Entitled to Judgment As a Matter of Law As to Plaintiff's Claim for Civil Penalty As He Has No Evidence Of A Bad Faith Denial Of His Repurchase Request ............................................................. 13

V. CONCLUSION ................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

Cases

Gavaldon v. DaimlerChrysler Corp. (2004) 32 Cal.4th 1246, 1262,
   13 Cal.Rptr.3d 793, 90 P.3d 752 .................................................................. 8
American Suzuki Motor Corporation v. Superior Court,
   37 Cal.App.4th 1291 (1995) ...................................................................... 11
Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986) .................................................................................... 8
Brand v Hyundai,
   226 Cal.App.4th 1538 (2014) .................................................................... 11
Calvillo-Silva v. Home Grocery,
   19 Cal.4th 714 (1998) ................................................................................ 13
Kwan v. Mercedes-Benz of North America, Inc.,
   23 Cal. App. 4th 174 (1994) ...................................................................... 13
Patarak v. Williams,
   91 Cal.App.4th 826 (2001) ........................................................................ 13
Rick's Electric, Inc. v. Occupational Safety & Health Appeals Bd.,
   80 Cal.App.4th 1023 (2000) ...................................................................... 13
Schreidel v. American Honda Motor Co.,
   34 Cal.App.4th 1242 (1995) ...................................................................... 14
Washington v. Vogel,
   880 F.Supp. 1542 (M.D.Fla.1995) .............................................................. 8

Statutes

Cal. Civ. Code § 1791.1 ................................................................................ 6, 9

| | |
|---|---|
| Cal. Civ. Code § 1791.1(c) | 10 |
| Cal. Civ. Code § 1792 | 9 |
| Cal. Civ. Code § 1793.2(b) | 8 |
| Cal. Civ. Code § 1793.2(d) | 8 |
| Cal. Civ. Code § 1794(b) | 8 |
| Cal. Civ. Code § 1795.5 | 9 |
| Cal. Civ. Code § 1795.5(a) | 10, 11, 12 |
| Cal. Civ. Code § 1795.5(c) | 10, 11 |
| Cal. U. Com. Code, § 2607(3)(A) | 11 |
| Cal. U. Com. Code, § 2608(3) | 11 |
| Cal. U. Com. Code, § 2713 | 11 |
| Cal. U. Com. Code, §§ 2711-2715 | 8 |
| Federal Rule of Civil Procedure 50 | 14 |
| Federal Rule of Civil Procedure 50(a) | 6, 7 |

Other Authorities

| | |
|---|---|
| CACI 3205 | 8, 9 |

## I. INTRODUCTION

BMW NA is entitled to judgment as a matter of law because plaintiff has failed to present sufficient evidence establishing an essential element of each claim as described below.

- <u>Plaintiff's Second Claim</u> – Judgment for BMW NA is appropriate as no single repair visit exceeded 30 days, and plaintiff has no evidence of diminution of the Subject Vehicle's value.
- <u>Plaintiff's Fifth Claim</u> – Judgment for BMW NA is appropriate because (a) Civil Code section 1791.1 is not applicable; (b) BMW NA did not extend an implied warranty with the lease of the "used" Subject Vehicle; and (c) the vehicle was not unfit for its ordinary purpose of providing transportation.
- <u>Plaintiff's Claim for Civil Penalty</u> – Judgment for BMW NA is appropriate because BMW NA's decision to deny repurchase was the result of a good faith and reasonable belief the facts imposing the statutory obligation was not present.

Accordingly, BMW NA respectfully requests that these issues be adjudicated in BMW NA's favor pursuant to Federal Rule of Civil Procedure 50(a).

## II. STATEMENT OF RELEVANT FACTS AT TRIAL

1. On June 25, 2016, plaintiff leased the subject 2016 BMW 750i "used" ("Subject Vehicle") from Irvine BMW. (<u>See</u> Lease Agreement, Trial Ex. "1.")

2. Plaintiff presented no evidence that any concern rendered the vehicle unfit for its ordinary purpose of providing transportation.

3. Plaintiff did not present the Subject Vehicle to an authorized repair facility regarding the instrument cluster concern within the first three months of plaintiff's lease. (<u>See</u> 7/6/2016 Repair Order, Exs. "12" and "13.")

4. No single warranty repair visit exceeded 30 days. (<u>See</u> Repair Orders, Trial Exs. "11"-"18" and "20"-"25.")

5. Plaintiff has not presented the Subject Vehicle to an authorized repair

facility complaining of the instrument cluster since the instrument cluster was replaced. (See 9/19/2017 & 10/4/2017 Repair Orders, Trial Exs. "22"-"25.")

6. Plaintiff presented no evidence to establish diminution of value of the Subject Vehicle.

7. Plaintiff presented no evidence to suggest that BMW NA did not act in good faith in evaluating his claim and reaching its determination that the vehicle did not qualify for repurchase under the Song-Beverly Act. At minimum, BMW NA had a reasonable belief in the legality of its action and that the subject vehicle did not qualify for repurchase.

## III. FRCP50(a) STANDARD

Federal Rule of Civil Procedure 50(a) states:

> (a) Judgment as a Matter of Law.
>
> (1) In General. If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> (A) resolve the issue against the party; and
>
> (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.
>
> (2) Motion. A motion for judgment as a matter of law may be made at any time before the case is submitted to the jury. The motion must specify the judgment sought and the law and facts that entitle the movant to the judgment.

The movant is entitled to judgment as a matter of law if the non-moving party failed to make a showing on an essential element of his case with respect to which he had the burden of proof, such that no reasonable jury could find that

non-moving party carried his burden of proof. Washington v. Vogel, 880 F.Supp. 1542 (M.D.Fla.1995). This standard mirrors the one used by courts in ruling on motions for summary judgment, that is to say, "the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

## IV. BMW NA IS ENTITLED TO JUDGMENT AS A MATTER OF LAW ON PLAINTIFF'S SECOND, THIRD, FOURTH, AND FIFTH CLAIMS AS WELL AS CLAIM FOR CIVIL PENALTY.

### A. BMW NA Is Entitled To Judgment As a Matter of Law As To Plaintiff's Second Claim for Violation of Civil Code section 1793.2(b).

Plaintiff alleges that BMW NA violated California Civil Code section 1793.2(b) by failing to commence repairs within a reasonable time or failing to repair the subject 750i within 30 days. (Pl.'s Compl. at ¶15.)  However, the evidence is to the contrary. No single warranty repair visit exceeded 30 days.

Further, plaintiff has failed to present any evidence establishing the sole remedy for this section: diminution in value.  CACI 3205 provides for certain damages where a defendant has not begun repairs within a reasonable period of time or has not repaired a vehicle within 30 days. However, the "Direction for Use" for CACI 3205 does not include restitution or replacement for a new motor vehicle. Specifically, the directions state:

> The damages recoverable for unreasonable delay in repairs are uncertain. **A violation of Civil Code section 1793.2(b) would not entitle the consumer to the remedies of restitution or replacement for a consumer good or a new motor vehicle as provided in section 1793.2(d).** Before those remedies are available, the manufacturer is entitled to a reasonable number of repair opportunities. (Gavaldon v. DaimlerChrysler Corp. (2004) 32 Cal.4th 1246, 1262 [13 Cal.Rptr.3d 793, 90 P.3d 752]; see Civ. Code, §§ 1793.2(d), 1793.22) California Uniform Commercial Code remedies that are generally available under Song-Beverly permit the buyer to diminution in value. (See Civ. Code. § 1794(b); Cal. U. Com. Code, §§ 2711-2715.) It seems questionable, however, that a buyer could

> cancel the sale and get the purchase price back solely for delay in completing repairs, particularly if the repairs were ultimately successful.

(emphasis added.) Accordingly, plaintiff must show diminished value for CACI 3205, and he did not. Plaintiff's claim fails, and BMW NA is entitled to judgment as a matter of law.

### B. BMW NA Is Entitled to Judgment As a Matter of Law As To Plaintiff's Fifth Claim for Breach of Implied Warranty of Merchantability.

Plaintiff's Fifth Cause of Action fails for several reasons, each of which is sufficient to grant judgment for BMW NA as a matter of law.

#### 1. *Since the subject vehicle was leased used by plaintiff, Civil Code section 1791.1 is not applicable.*

First, plaintiff claims that under Civil Code section 1792 the lease of the subject 750i was accompanied by an implied warranty of merchantability provided by BMW NA, and then cites to Civil Code section 1791.1 for the duration of the implied warranty. However, Civil Code section 1791.1 is not applicable to this case. This case does not involve the sale or lease of a new vehicle, but rather the lease of a used one. Accordingly, Civil Code section 1795.5 is the controlling section pertaining to the applicable implied warranty of merchantability. Any claim under Civil Code 1791.1 must fail.

#### 2. *Under Civil Code section 1795.5, only Irvine BMW extended an implied warranty with the "used" vehicle leased to plaintiff.*

Second, BMW NA cannot be held liable for implied warranty when the vehicle is leased used from a third-party retail seller. In the case of the lease of a used vehicle, Civil Code section 1795.5 is controlling. It states:

> Notwithstanding the provisions of subdivision (a) of Section 1791 defining consumer goods to mean "new" goods, the

> obligation of **a distributor or retail seller of used consumer goods** in a sale in which an express warranty is given shall be the same as that imposed on manufacturers under this chapter....

(emphasis added.) BMW NA is a distributor of new motor vehicles, and did not distribute the subject 750i used. Accordingly, it does not owe implied warranty obligations in connection with the lease of a used vehicle.

There are other similar distinctions in Song-Beverly between the implied warranty for used and new goods. draws a distinction between the manufacturer, distributor and retailer of new goods, and the distributor and retailer of used goods. For the manufacturers, distributors, and retailers of new goods, the duration of the implied warranty runs, at most, one year. See Civil Code section 1791.1(c). For the distributor and retailer of used goods, there is a maximum 3-month duration for the implied warranty. See Civil Code section 1795.5(c). Further, Section 1795.5(a) further clarifies that the requirement to maintain sufficient service and repair facilities within California only applies to the distributor or retailer of the used goods "and not the original manufacturer, distributor, or retail seller making express warranties with respect to such goods when new."

> **3.   Even if BMW NA did extend an implied warranty to plaintiff, the duration was only three months, no concern rendered the vehicle unfit for providing transportation, and plaintiff never presented the vehicle to an authorized repair facility regarding the instrument cluster concern within the implied warranty period.**

Third, even if the three-month implied warranty of merchantability applied to BMW NA, plaintiff's concern relating to the instrument cluster did make the vehicle unfit for its ordinary use. And plaintiff did not present the subject vehicle to an authorized repair facility for the instrument cluster concern within the

implied warranty period.

A vehicle breaches the implied warranty if the concern renders the vehicle unfit for its ordinary purpose of providing transportation. American Suzuki Motor Corporation v. Superior Court, 37 Cal.App.4th 1291, 1296 (1995). The Suzuki court concluded that when a vehicle remains fit for its ordinary purpose of providing transportation, its owner is not entitled to assert a breach of implied warranty action against the manufacturer. Id. at 1299. A consumer is required to notify the seller of the breach within a reasonable time of discovery, under California Commercial Code Section 2607(3)(A), or revoke acceptance within a reasonable time after discovery and before substantial change in condition of the goods under California Commercial Code Section 2608(3). Brand v Hyundai, 226 Cal.App.4th 1538 (2014). If not, the remedy is limited to diminution in value. California Commercial Code Section 2713.

With regard to "used" goods, the implied warranty of merchantability under the Song-Beverly Act is limited to a maximum of "three months following the sale of used consumer goods to a retail buyer." Civil Code section 1795.5(c). More importantly, Civil Code section 1795.5(a) establishes that only Irvine BMW, and not BMW NA, extended an implied warranty for the "used" 2016 750i leased to plaintiff.

To wit:

> 1795.5. Notwithstanding the provisions of subdivision (a) of Section 1791 defining consumer goods to mean "new" goods, the obligation of a distributor or retail seller of **used** consumer goods in a sale in which an express warranty is given shall be the same as that imposed on manufacturers under this chapter except:
>
> (a) It shall be the obligation of the distributor or retail seller making express warranties with respect to used consumer

goods (**and not the original manufacturer, distributor, or retail seller making express warranties with respect to such goods when new**) to maintain sufficient service and repair facilities within this state to carry out the terms of such express warranties....

(c) The duration of the implied warranty of merchantability and where present the implied warranty of fitness with respect to used consumer goods sold in this state, where the sale is accompanied by an express warranty, shall be coextensive in duration with an express warranty which accompanies the consumer goods, provided the duration of the express warranty is reasonable, but in no event shall such implied warranties have a duration of less than 30 days nor more than three months following the sale of used consumer goods to a retail buyer. Where no duration for an express warranty is stated with respect to such goods, or parts thereof, the duration of the implied warranties shall be the maximum period prescribed above.

(Emphasis added.)

There is a distinct difference between the original manufacturer, distributor and retail seller of a new consumer good and the distributor and retail seller of a used consumer good. As examples, distributors of used cars would include entities like Auto Nation and CarMax. It would not include the original manufacturer, distributor or retail seller of a vehicle. Here, since BMW NA was not in the "used" good chain of distribution for the subject vehicle, there is no basis for a breach of implied warranty cause of action as a matter of law. To hold otherwise would ignore the exemption for the original manufacturer, distributor and retailer in Civil Code Section 1795.5(a) superfluous. Furthermore, nothing

happened in the first three months of plaintiff's ownership that rendered the subject vehicle unfit for its ordinary purpose of providing transportation. Accordingly, BMW NA is entitled to judgment as a matter of law as to plaintiff's implied warranty claim.

### C. BMW NA is Entitled to Judgment As a Matter of Law As to Plaintiff's Claim for Civil Penalty As He Has No Evidence Of A Bad Faith Denial Of His Repurchase Request

The Court in Kwan v. Mercedes-Benz of North America, Inc., 23 Cal. App. 4th 174 (1994), addressed the issue of determining willfulness in connection with the imposition of civil penalty under the Song-Beverly Act. According to the Court, "[A] violation is not willful if the defendant's failure to replace or refund was the result of a good faith and reasonable belief the facts imposing the statutory obligation were not present." Id. at 185. The Court noted that civil penalties are imposed as punishment or as deterrence. "[C]ourts refuse to impose civil penalties against a party who acted with a good faith and reasonable belief in the legality of his or her actions." Id. (Citations omitted.)

"Although the term 'willful' has no 'single, uniformly applicable' definition, it refers generally to intentional conduct undertaken with knowledge or consciousness of its probable results." Patarak v. Williams, 91 Cal.App.4th 826, 829 (2001) citing Kwan at 182-183. "Willful conduct does not require a purpose or specific intent to bring about a result. However, it does require more than negligence or accidental conduct." Id.; see also Calvillo-Silva v. Home Grocery, 19 Cal.4th 714, 729-730 (1998); Rick's Electric, Inc. v. Occupational Safety & Health Appeals Bd., 80 Cal.App.4th 1023, 1035 (2000). A civil penalty may be awarded if the jury determines that the manufacturer knew of its obligations but intentionally declined to fulfill them. There is no requirement of blame, malice or moral delinquency. However, a violation is not willful if the defendant's failure to replace or refund was the result of a good faith and reasonable belief the facts

imposing the statutory obligation was not present. <u>Schreidel v. American Honda Motor Co.</u>, 34 Cal.App.4th 1242, 1249-1250 (1995).

Here, the only evidence presented was that BMW NA received plaintiff's repurchase request, gathered the information regarding their repair history, investigated, reached a good faith conclusion that the vehicle did not qualify, and timely rendered its decision to plaintiff. Plaintiff has presented no evidence that would give rise to an inference that BMW NA's belief in its position was false or that its analysis was incomplete. Plaintiff may not recover civil penalty damages for a difference of opinion. Without any facts to suggest otherwise, plaintiff's civil penalty claim must fail.

### V. CONCLUSION

For the reasons cited above, BMW NA respectfully contends that Federal Rule of Civil Procedure 50 mandates the adjudication of plaintiff's Second, and Fifth causes of action as well as plaintiff's claim for civil penalty.

DATED: December 14, 2018                    BOWMAN AND BROOKE LLP

                                            BY: <u>/s/Richard L. Stuhlbarg</u>
                                                Brian Takahashi
                                                Richard L. Stuhlbarg
                                                Stephen J. Kelley
                                                Attorneys for Defendant
                                                BMW OF NORTH AMERICA, LLC

# **CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2018, I filed the foregoing document entitled **BMW OF NORTH AMERICA, LLC'S NOTICE OF MOTION AND MOTION FOR JUDGMENT AS A MATTER OF LAW PURSUANT TO FRCP 50(a)** with the clerk of court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record in this action.

*/s/ Richard L. Stuhlbarg*
Richard L. Stuhlbarg